1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:    (415) 651-9700
*Attorneys for Plaintiffs*,
Oleta Moore, Larella Moore, and Kimberley Moore

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

**OLETA MOORE, LARELLA MOORE, AND KIMBERLEY MOORE,**

Plaintiffs,

v.

**JPMORGAN CHASE BANK, N.A.,**

Defendant.

**Case No.: 4:22-cv-01849**

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

1) **THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. §§ 1693, ET SEQ.;**

2) **NEGLIGENCE;**

3) **CONVERSION;**

4) **TRESPASS TO CHATTELS; AND**

5) **CAL. BUS. AND PROF. CODE §§ 17200 ET SEQ.**

**DEMAND FOR JURY TRIAL**

///

///

///

**COMPLAINT FOR DAMAGES**

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## INTRODUCTION

1. This is a case about a bank that let its customer's money be stolen and didn't lift a finger to prevent it, stop it, or even fix it.

2. **OLETA MOORE, LARELLA MOORE and KIMBERLEY MOORE** ("Plaintiffs"), by their attorney, bring this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorneys fees, and costs, against **JPMORGAN CHASE BANK, N.A.** ("Defendant") for the tortious acts of negligence, conversion, trespass to chattels, and violations of the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 et seq. ("EFTA") and of Cal. Civ. Code § 17200 (hereinafter "UCL").

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiffs, or to the Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 15 U.S.C. § 1693 et seq., and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

///

8.    This action arises out of Defendant's tortious acts of negligence, conversion, trespass to chattels, and violations of the EFTA and of the UCL.

9.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

## EFTA

10.   "To address concerns raised by the increasing prevalence of electronic banking transactions, Congress enacted the EFTA. Lawmakers viewed such transactions—processed through computer networks without human interaction—as 'much more vulnerable to fraud, embezzlement, and unauthorized use than the traditional payment methods.' *Bank of America v. City and County of San Francisco*, 309 F.3d 551, 564 (9th Cir. 2002) (quoting H.R. Rep. No. 95-1315, at 2 (1978)). Consumer groups urged Congress to provide protection from liability for unauthorized transfers, similar to the protection Congress had already afforded for unauthorized credit card charges. *See* 15 U.S.C. § 1643(a) (imposing a $50 cap on liability for unauthorized credit card use); Lewis M. Taffer, *The Making of the Electronic Fund Transfer Act: A Look at Consumer Liability and Error Resolution*, 13 U.S.F. L. Rev. 231, 238 (1979). Congress responded in the EFTA by imposing a similar, but not identical, cap on a consumer's liability for unauthorized electronic fund transfers." *Widjaja v. JPMorgan Chase Bank, N.A*, D.C. No. 2:19-cv-07825-MWF-AFM (9th Cir. 2021)

## INTRADISTRICT ASSIGNMENT

11.   Intradistrict assignment to the SAN FRANCISCO/OAKLAND DIVISION is proper because this case's category is not excepted by Civil L.R. 3-2(c) and a substantial part of the events or omissions which give rise to the claim occurred in the county of CONTRA COSTA.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**PARTIES**

12. Plaintiffs Oleta Moore and Kimberley Moore are natural persons who reside in the County of Contra Costa, State of California. Plaintiff Larella Moore is a natural person who resides in the County of Humboldt, State of California. Plaintiffs are currently and at all times complained of, "Persons" as that term is defined by Regulation E in 12 C.F.R. 1005.2(j). Plaintiffs Oleta Moore and Larella Moore are "senior citizens" as that term is defined in subdivision (f) of Cal. Civ. Code § 1761.

13. Defendant JPMorgan Chase Bank, N.A. is a United States Bank operating from an address of 1111 Polaris Parkway, Columbus, OH 43240 and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j). Defendant is a "Financial Institution" as that term is defined by Regulation E in 12 C.F.R. 1005.2(i).

**FACTUAL ALLEGATIONS**

14. Plaintiffs are individuals residing in the Counties of Contra Costa and Humboldt in the State of California.

15. Plaintiffs Oleta Moore and Larella Moore are "senior citizens" as that term is defined in subdivision (f) of Cal. Civ. Code § 1761.

16. Plaintiffs are informed and believe, and thereon allege, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

17. Plaintiffs' accounts with Defendant constitute "accounts" as defined by 15 U.S.C. § 1693a(2); and, 12 C.F.R. 1005.2(b)(1).

18. On April 2, 2021 Plaintiffs realized that they were blocked from electronically accessing their accounts at Chase Bank.

19. Upon calling Defendant on or about April 2, 2021, Plaintiffs learned that Defendant had transferred $4,250.35 to a Ying Liang in Belmont, MA on March 24, 2021, transferred $3,707.00 to a Shenzhen Dingzhi in New York, NY on March 25, 2021, transferred $4,960.00 from Plaintiffs' savings account to

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

Plaintiffs' checking account on March 25, 2021, and transferred $9,700.00 from Plaintiffs' savings account to Plaintiffs' checking account on March 25, 2021.

20. None of the above-mentioned funds transfers were authorized by any Plaintiff.

21. The abovementioned transfers were "unauthorized electronic fund transfers" as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).

22. At no time did Defendant contact or attempt to contact Plaintiffs prior to making the unauthorized transfers of Plaintiffs' funds.

23. Defendant was and is aware that fraudulent funds transfers are frequent and that the number of them is rising.

24. Defendant was and is aware that its own procedures for preventing fraudulent funds transfers are inadequate (https://www.latimes.com/business/story/2022-01-14/column-chase-elder-financial-fraud).

25. Plaintiffs notified Defendant on the phone call of on or about April 2, 2021 that the transfers were unauthorized and requested that they be reversed.

26. At no time during the phone call of on or about April 2, 2021 did Defendant notify Plaintiffs that any written confirmation of their dispute was required.

27. At no time did Defendant provide a provisional credit to Plaintiffs.

28. Defendant did not correct the errors.

29. By letter dated May 25, 2021 and delivered by Defendant to Plaintiffs via mail, referencing Plaintiffs' inquiry of April 2, 2021, Defendant acknowledged Plaintiffs' dispute only as to the transfers of $4,250.35 to a Ying Liang in Belmont, MA on March 24, 2021, and of $3,707.00 to a Shenzhen Dingzhi in New York, NY.

30. Defendant letter of May 25, 2021 told Plaintiffs that Plaintiffs had either authorized the transfers or benefited from the transfers and that either way, Plaintiffs' claim was being denied.

31. Plaintiffs did not authorize the transfers and Plaintiffs did not benefit from the transfers.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

32. Defendant's letter of May 25, 2021 did not notify Plaintiffs of their right to request reproductions with the explanations of Defendant's findings.

33. On information and belief, Defendant did not make a good faith investigation of the unauthorized funds transfers.

34. On information and belief, Defendant did not have a reasonable basis for believing that Plaintiff's account was not in error.

35. On information and belief, Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

36. Through this conduct, Defendant violated 15 U.S.C. § 1693f and 15 U.S.C. § 1693g(a).

37. Defendant knew that it had a legal duty to ensure that Plaintiff received required notices, to conduct a reasonable investigation into her fraud claim, to provisionally re-credit her account.

38. Defendant knew that it had a legal duty under § 4A-202 of the Uniform Commercial Code to maintain a commercially reasonable method of providing security against unauthorized payment orders.

39. Defendant knew that it had a legal duty under 12 CFR § 210.28 to notify a Federal Reserve Bank of the relevant facts concerning an unauthorized or erroneously executed payment order is within 30 calendar days after the sender receives notice that the payment order was accepted or executed, or that the sender's account was debited with respect to the payment order.

40. Defendant did not comply with the above-mentioned duties and that failure was a direct and proximate cause of Plaintiff's damages.

41. Defendant's despicable and outrageous conduct was performed knowingly, deliberately and willfully, with reckless disregard of the probable consequences,

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

were oppressive to Plaintiff, and were malicious in that Plaintiff's suffering as a result of Defendant's conduct was a virtual certainty.

### ACTUAL DAMAGES

42. Plaintiffs have suffered actual damages as a result of these illegal tactics by this Defendant in the form of, pecuniary loss, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

### 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

43. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

### COUNT II

### NEGLIGENCE

45. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. A defendant is liable for the tort of negligence when it fails to use reasonable care to prevent harm to others, and when the defendant's actions or failure to act is a substantial factor in causing harm to the plaintiff.

47. Defendant violated at least one of its general duties of care to Plaintiffs when it, inter-alia, failed to notify Plaintiffs of funds transfers, failed to make any investigation into Plaintiff's claim of fraud and theft, failed to notify a Federal Reserve Bank of the relevant facts concerning the unauthorized funds transfer

within 30 calendar days after Plaintiff's dispute on April 2, 2021, and failed to contact the receiving banks to request a freeze of the transferred funds.

48. As a direct result of Defendant's lack of due care, Plaintiffs suffered actual damages in an amount to be proven at trial.

## COUNT III

### CONVERSION

49. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. A defendant is liable for the tort of conversion when it substantially interferes with a plaintiff's property by knowingly or intentionally preventing a plaintiff from accessing it, and when the defendant's actions or failure to act is a substantial factor in causing harm to the plaintiff.

51. Defendant substantially interfered with Plaintiffs' right to their money by knowingly and intentionally making unauthorized funds transfers and refusing to return them after Plaintiffs requested that Defendant do so.

52. As a direct result of Defendant's actions, Plaintiffs suffered actual damages in an amount to be proven at trial.

## COUNT IV

### TRESPASS TO CHATTELS

53. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. A defendant is liable for the tort of trespass to chattels when it intentionally interferes with a plaintiff's use or possession of personal property, and when the defendant's actions or failure to act is a substantial factor in causing harm to the plaintiff.

55. Defendant intentionally interfered with Plaintiffs' right to their money by making unauthorized funds transfers and refusing to return them after Plaintiffs requested that Defendant do so.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

56. As a direct result of Defendant's actions, Plaintiffs suffered actual damages in an amount to be proven at trial.

### COUNT V

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

### CAL. BUS. & PROF. CODE § 17200, ET SEQ. (UCL)

57. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

### **Unlawful**

58. Defendant violated EFTA's regulations regarding prevention and investigation of fraud and violated the law by failing to prevent unauthorized transactions on Plaintiffs' accounts, and then failing to return the funds once the fraud was pointed out to it.

59. Defendant violated § 4A-202 of the Uniform Commercial Code by failing to maintain a commercially reasonable method of providing security against unauthorized payment orders.

60. Defendant violated 12 CFR § 210.28 by failing to notify a Federal Reserve Bank of the relevant facts concerning the unauthorized payment order within 30 calendar days after they received notice that the payment order was accepted or executed, or that the sender's account was debited with respect to the payment order.

61. Defendant's unlawful business practices directly harmed Plaintiffs since Plaintiffs have suffered monetary damages due to said conduct.

62. Thus, Defendant's conduct has violated the "unlawful" prong of California Business & Professions Code § 17200.

### **Unfair**

63. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."

///

---

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

64. Defendant's actions and omissions as described above were contrary to public policy and generally recognized standards of business and industry practices.

65. Defendant engaged in the following unfair conduct in violation of Sec. 17200:

    a. As discussed above, Defendant has failed to prevent withdrawal of funds by someone other than Plaintiff without written or oral authorization for that person to do so.

    b. Defendant failed to return Plaintiffs' funds when Plaintiffs notified it of the unauthorized access to their bank accounts.

    c. Defendant failed to maintain and follow procedures to investigate a consumer's claims of unauthorized funds transfers.

    d. When notified of the unauthorized funds transfers, Defendant did not conduct an investigation into Plaintiffs' allegations, and simply denied Plaintiffs' claims and refused to return their money.

    e. Upon information and belief, Defendant maintained policies and procedures regarding unauthorized funds transfers that routinely deny legitimate disputes.

    f. Defendant's failure to reopen its investigation and review upon request shows a pattern and practice of rejecting any request for further investigation and is patently unfair in violation of the statute.

66. Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

67. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

///

///

68. Plaintiffs reserve the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

69. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

70. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiffs since Plaintiffs have suffered injury in fact due to Defendant's failure to prevent withdrawal of funds by someone other than Plaintiffs without written or oral authorization for that person to do so, and failure to return the funds once the issue was pointed out.

71. Moreover, there is no benefit to consumers where Defendant fails to prevent withdrawal of funds by someone other than Plaintiffs without written or oral authorization for that person to do so, and failure to return the funds once the issue is brought to Defendant's attention. Thus, the injury suffered by Plaintiffs is not outweighed by any countervailing benefits to consumers.

72. Finally, the injury suffered by Plaintiffs is not an injury that these consumers could reasonably have avoided since Plaintiffs never received contemporaneous notice of the transactions, so they were unaware of the transactions happening in their accounts, and Defendant failed to prevent withdrawal of funds by someone other than Plaintiffs without written or oral authorization for that person to do so, and failed to return the funds once the issue was pointed out.

73. As such, Defendant took advantage of Defendant's position of perceived power in order to avoid returning Plaintiffs' money to them.

74. The injury suffered by Plaintiffs is not an injury which Plaintiffs could reasonably have avoided.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

75. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendant for:

a) Award of compensatory damages for losses, in an amount to be determined at trial, pursuant to the common law of torts against Defendant and for each Plaintiff, and,

b) Award for interest on the amount of losses incurred at the prevailing legal rate against Defendant and for each Plaintiff, and,

c) Award for pre-judgment interest against Defendant and for each Plaintiff, and,

d) Award of exemplary and punitive damages, in an amount to be determined at trial, pursuant to California Civil Code § 3924 against Defendant and for each Plaintiff, and,

e) Award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) against Defendant and for each Plaintiff, and,

f) Award of Treble damages pursuant to Cal Civ §3345, against Defendant and for each of Plaintiffs Oleta and Larella Moore, and,

g) Award of treble damages pursuant to 15 U.S.C. § 1693f(e), against Defendant and for each Plaintiff, and,

h) Award of statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A), against Defendant and for each Plaintiff, and,

i) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3), against Defendant and for each Plaintiff, and,

j) As a result of each and every violation of the UCL, Plaintiffs are entitled to restitution of any money which Defendant acquired by means of unlawful, unfair, and or deceptive practice pursuant to Cal. Bus. & Prof. Code § 17203, and,

k) Any declaratory and/or injunctive relief the court deems appropriate pursuant to Cal. Bus. & Prof. Code § 17203, and,

l) An Order that Defendant immediately return Plaintiffs' money to them, and,

m) Award to Plaintiff of such other and further relief as may be just and proper.

## TRIAL BY JURY IS DEMANDED

76. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

**THE CARDOZA LAW CORPORATION**

DATED:  March 23, 2022

BY: /s/ Michael F. Cardoza
Michael F. Cardoza, Esq.
Lauren B. Veggian, Esq.
Attorneys for Plaintiffs,
Oleta Moore, Larella Moore, and
Kimberley Moore

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**ELECTRONICALLY STORED INFORMATION REQUEST**

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

ELECTRONICALLY STORED INFORMATION REQUEST