**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:   (415) 651-9700

**Erika Heath, Attorney At Law**
Erika Heath, Esq. (SBN: 304683)
erika@heathlegal.com
369 Pine Street, Suite 410
San Francisco, CA 94104
Telephone: (415) 426-7850
*Attorneys for Plaintiffs*,
Oleta Moore, Larella Moore, and Kimberley Moore

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OLETA MOORE, LARELLA MOORE, AND KIMBERLEY MOORE,**<br><br>Plaintiffs,<br><br>v.<br><br>**JPMORGAN CHASE BANK, N.A.,**<br><br>Defendant. | **Case No.:** 4:22-cv-01849<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1) **THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. §§ 1693, ET SEQ.;**<br>2) **CALIFORNIA COMMERCIAL CODE SECTION 11201, ET SEQ.**<br>3) **CAL. BUS. AND PROF. CODE §§ 17200 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is a case about a bank that let its customer's money be stolen and did not lift a finger to prevent it, stop it, or even fix it.

2. **OLETA MOORE, LARELLA MOORE and KIMBERLEY MOORE** ("Plaintiffs"), by their attorney, bring this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorneys fees, and costs, against **JPMORGAN CHASE BANK, N.A.** ("Defendant") for its violations of the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 et seq. ("EFTA"), the California Commercial Code §§ 11201 et seq. ("UCC"), and of Cal. Civ. Code § 17200 (hereinafter "UCL").

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiffs, or to the Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 15 U.S.C. § 1693 et seq., and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

///

8. This action arises out of Defendant's violations of the EFTA, UCC, and the UCL.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

## EFTA

10. "To address concerns raised by the increasing prevalence of electronic banking transactions, Congress enacted the EFTA. Lawmakers viewed such transactions—processed through computer networks without human interaction—as 'much more vulnerable to fraud, embezzlement, and unauthorized use than the traditional payment methods.' *Bank of America v. City and County of San Francisco*, 309 F.3d 551, 564 (9th Cir. 2002) (quoting H.R. Rep. No. 95-1315, at 2 (1978)). Consumer groups urged Congress to provide protection from liability for unauthorized transfers, similar to the protection Congress had already afforded for unauthorized credit card charges. *See* 15 U.S.C. § 1643(a) (imposing a $50 cap on liability for unauthorized credit card use); Lewis M. Taffer, *The Making of the Electronic Fund Transfer Act: A Look at Consumer Liability and Error Resolution*, 13 U.S.F. L. Rev. 231, 238 (1979). Congress responded in the EFTA by imposing a similar, but not identical, cap on a consumer's liability for unauthorized electronic fund transfers." *Widjaja v. JPMorgan Chase Bank, N.A*, D.C. No. 2:19-cv-07825-MWF-AFM (9th Cir. 2021)

### INTRADISTRICT ASSIGNMENT

11. Intradistrict assignment to the SAN FRANCISCO/OAKLAND DIVISION is proper because this case's category is not excepted by Civil L.R. 3-2(c) and a substantial part of the events or omissions which give rise to the claim occurred in the county of CONTRA COSTA.

///

## PARTIES

12. Plaintiffs Oleta Moore and Kimberley Moore are natural persons who reside in the County of Contra Costa, State of California. Plaintiff Larella Moore is a natural person who resides in the County of Humboldt, State of California. Plaintiffs are currently and at all times complained of, "Persons" as that term is defined by Regulation E in 12 C.F.R. 1005.2(j). Plaintiffs Oleta Moore and Larella Moore are "senior citizens" as that term is defined in subdivision (f) of Cal. Civ. Code § 1761.

13. Defendant JPMorgan Chase Bank, N.A. is a United States Bank operating from an address of 1111 Polaris Parkway, Columbus, OH 43240 and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j). Defendant is a "Financial Institution" as that term is defined by Regulation E in 12 C.F.R. 1005.2(i).

## FACTUAL ALLEGATIONS

14. Plaintiffs are individuals residing in the Counties of Contra Costa and Humboldt in the State of California.

15. Plaintiffs Oleta Moore and Larella Moore are "senior citizens" as that term is defined in subdivision (f) of Cal. Civ. Code § 1761.

16. Plaintiffs are informed and believe, and thereon allege, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

17. Plaintiffs' accounts with Defendant constitute "accounts" as defined by 15 U.S.C. § 1693a(2); and, 12 C.F.R. 1005.2(b)(1).

18. On April 2, 2021 Plaintiffs realized that they were blocked from electronically accessing their accounts at Chase Bank.

19. Upon calling Defendant on or about April 2, 2021, Plaintiffs learned that Defendant had transferred $4,250.35 to a Ying Liang in Belmont, MA on March 24, 2021, transferred $3,707.00 to a Shenzhen Dingzhi in New York, NY on March 25, 2021, transferred $4,960.00 from Plaintiffs' savings account to

Plaintiffs' checking account on March 25, 2021, and transferred $9,700.00 from Plaintiffs' savings account to Plaintiffs' checking account on March 25, 2021.

20. None of the above-mentioned funds transfers were authorized by any Plaintiff.

21. At no time did Defendant contact or attempt to contact Plaintiffs prior to making the unauthorized transfers of Plaintiffs' funds.

22. Defendant was and is aware that fraudulent funds transfers are frequent and that the number of them is rising.

23. Defendant was and is aware that its own procedures for preventing fraudulent funds transfers are inadequate (https://www.latimes.com/business/story/2022-01-14/column-chase-elder-financial-fraud).

24. Plaintiffs notified Defendant on the phone call of on or about April 2, 2021 that the transfers were unauthorized and requested that they be reversed.

25. At no time during the phone call of on or about April 2, 2021 did Defendant notify Plaintiffs that any written confirmation of their dispute was required.

26. At no time did Defendant provide a provisional credit to Plaintiffs.

27. Defendant did not correct the errors.

28. By letter dated May 25, 2021 and delivered by Defendant to Plaintiffs via mail, referencing Plaintiffs' inquiry of April 2, 2021, Defendant acknowledged Plaintiffs' dispute only as to the transfers of $4,250.35 to a Ying Liang in Belmont, MA on March 24, 2021, and of $3,707.00 to a Shenzhen Dingzhi in New York, NY.

29. Defendant letter of May 25, 2021 told Plaintiffs that Plaintiffs had either authorized the transfers or benefited from the transfers and that either way, Plaintiffs' claim was being denied.

30. Plaintiffs did not authorize the transfers and Plaintiffs did not benefit from the transfers.

31. Defendant's letter of May 25, 2021 did not notify Plaintiffs of their right to request reproductions with the explanations of Defendant's findings.

32. On information and belief, Defendant did not make a good faith investigation of the unauthorized funds transfers.
33. On information and belief, Defendant did not have a reasonable basis for believing that Plaintiff's account was not in error.
34. On information and belief, Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.
35. Through this conduct, Defendant violated 15 U.S.C. § 1693f and 15 U.S.C. § 1693g(a).
36. Defendant knew that it had a legal duty to ensure that Plaintiff received required notices, to conduct a reasonable investigation into her fraud claim, to provisionally re-credit her account.
37. Defendant knew that it had a legal duty under § 4A-202 of the Uniform Commercial Code to maintain a commercially reasonable method of providing security against unauthorized payment orders.
38. Defendant knew that it had a legal duty under 12 CFR § 210.28 to notify a Federal Reserve Bank of the relevant facts concerning an unauthorized or erroneously executed payment order is within 30 calendar days after the sender receives notice that the payment order was accepted or executed, or that the sender's account was debited with respect to the payment order.
39. Defendant did not comply with the above-mentioned duties and that failure was a direct and proximate cause of Plaintiff's damages.
40. Defendant's despicable and outrageous conduct was performed knowingly, deliberately and willfully, with reckless disregard of the probable consequences, were oppressive to Plaintiff, and were malicious in that Plaintiff's suffering as a result of Defendant's conduct was a virtual certainty.

## ACTUAL DAMAGES

41. Plaintiffs have suffered actual damages as a result of these illegal tactics by this Defendant in the form of, pecuniary loss, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

## 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

42. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The transfers from Plaintiffs' savings account to their checking account were "unauthorized electronic fund transfers" as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).

44. Alternatively, such transfers constituted an "error" as defined by 12 C.F.R. 1005.11(a).

45. The transfers from Plaintiffs' savings account to their checking account caused Plaintiffs damage because, without those unauthorized transfers, there would not have been sufficient money in Plaintiffs' checking account to fund the fraudulent outgoing wires.

46. The foregoing acts and omissions constitute numerous and multiple violations of EFTA, including but not limited to Defendant's failure properly follow the EFTA's resolution procedures regarding those transfers.

## COUNT II

## UNIFORM COMMERCIAL CODE

## CAL. COMM. CODE § 1693, ET SEQ. (UCC)

47. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.
48. Under section 11103 of the Commercial Code, the wire transfers alleged above are covered by the UCC. Such wire transfers were processed through Fedwire or through a similar wire transfer system that is used primarily between financial institutions or between businesses.
49. These wire transfers were unauthorized transfers within the meaning of California Commercial Code.
50. Defendant processed said unauthorized wire transfers without Plaintiffs' knowledge or consent.
51. Plaintiffs notified Defendant of the fact that the transfers were unauthorized within statutory period defined in Sections 11505 and 11204 of the Commercial Code.
52. Defendant is obligated to refund said fraudulent wire transfers to Plaintiffs under Section 11204 of the Commercial Code. Defendant failed to do so.
53. Plaintiff is informed and believes and, on that basis, alleges that Defendant failed to maintain commercially reasonable security procedure to verify the identity of the persons requesting the funds to be transferred.
54. Plaintiffs are informed and believe and, on that basis, allege that Defendant failed to follow reasonable security procedures to verify that the wire transfer requests were made by Plaintiffs.
55. Defendant's security procedures were not commercially reasonable given the unusual nature of such wire transfers from Plaintiffs' account.
56. Plaintiff is informed and believes and, on that basis, alleges that Defendant failed to properly follow reasonable security procedures to identify and authenticate the persons requesting the transactions in question. Plaintiff is informed and believes and, on that basis, alleges that Defendant through its representatives failed to properly authenticate unauthorized individuals, failed

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

to ask authenticating questions to ascertain the identity of the person requesting the transfers at issue.

57. As a result of Defendant's failure to adhere to statutory requirements and to reasonable security procedures Plaintiff was damaged in the amount of of the aforementioned wires.

58. Because interest is awarded as a penalty for noncompliance with the UCC, Plaintiffs are also entitled to treble that penalty pursuant to Cal Civ §3345.

## COUNT III

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
## CAL. BUS. & PROF. CODE § 17200, ET SEQ. (UCL)

59. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

### Unlawful

60. Defendant violated EFTA's regulations regarding prevention and investigation of fraud and violated the law by failing to prevent unauthorized transactions on Plaintiffs' accounts, and then failing to return the funds once the fraud was pointed out to it.

61. Defendant violated § 4A-202 of the Uniform Commercial Code by failing to maintain a commercially reasonable method of providing security against unauthorized payment orders.

62. Defendant violated 12 CFR § 210.28 by failing to notify a Federal Reserve Bank of the relevant facts concerning the unauthorized payment order within 30 calendar days after they received notice that the payment order was accepted or executed, or that the sender's account was debited with respect to the payment order.

63. Defendant's unlawful business practices directly harmed Plaintiffs since Plaintiffs have suffered monetary damages due to said conduct.

64. Thus, Defendant's conduct has violated the "unlawful" prong of California Business & Professions Code § 17200.

### Unfair

65. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."
66. Defendant's actions and omissions as described above were contrary to public policy and generally recognized standards of business and industry practices.
67. Defendant engaged in the following unfair conduct in violation of Sec. 17200:
    a. As discussed above, Defendant has failed to prevent withdrawal of funds by someone other than Plaintiff without written or oral authorization for that person to do so.
    b. Defendant failed to return Plaintiffs' funds when Plaintiffs notified it of the unauthorized access to their bank accounts.
    c. Defendant failed to maintain and follow procedures to investigate a consumer's claims of unauthorized funds transfers.
    d. When notified of the unauthorized funds transfers, Defendant did not conduct an investigation into Plaintiffs' allegations, and simply denied Plaintiffs' claims and refused to return their money.
    e. Upon information and belief, Defendant maintained policies and procedures regarding unauthorized funds transfers that routinely deny legitimate disputes.
    f. Defendant's failure to reopen its investigation and review upon request shows a pattern and practice of rejecting any request for further investigation and is patently unfair in violation of the statute.
68. Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public

policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

69. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

70. Plaintiffs reserve the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

71. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

72. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiffs since Plaintiffs have suffered injury in fact due to Defendant's failure to prevent withdrawal of funds by someone other than Plaintiffs without written or oral authorization for that person to do so, and failure to return the funds once the issue was pointed out.

73. Moreover, there is no benefit to consumers where Defendant fails to prevent withdrawal of funds by someone other than Plaintiffs without written or oral authorization for that person to do so, and failure to return the funds once the issue is brought to Defendant's attention. Thus, the injury suffered by Plaintiffs is not outweighed by any countervailing benefits to consumers.

74. Finally, the injury suffered by Plaintiffs is not an injury that these consumers could reasonably have avoided since Plaintiffs never received contemporaneous notice of the transactions, so they were unaware of the transactions happening in their accounts, and Defendant failed to prevent withdrawal of funds by someone other than Plaintiffs without written or oral authorization for that person to do so, and failed to return the funds once the issue was pointed out.

75. As such, Defendant took advantage of Defendant's position of perceived power in order to avoid returning Plaintiffs' money to them.

76. The injury suffered by Plaintiffs is not an injury which Plaintiffs could reasonably have avoided.

77. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) and the UCC, against Defendant and for each Plaintiff, and,

b) Award of treble damages pursuant to 15 U.S.C. § 1693f(e), against Defendant and for each Plaintiff, and,

c) Award of statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A), against Defendant and for each Plaintiff, and,

d) Award of treble penalties pursuant to Cal. Civ. Code § 3345, and

e) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3), against Defendant and for each Plaintiff, and,

f) Award for interest on the amount of losses incurred at the prevailing legal rate against Defendant and for each Plaintiff, and,

g) Award for pre-judgment interest against Defendant and for each Plaintiff, and,

h) As a result of each and every violation of the UCL, Plaintiffs are entitled to restitution of any money which Defendant acquired by means of unlawful, unfair, and or deceptive practice pursuant to Cal. Bus. & Prof. Code § 17203, and,

i) Any declaratory and/or injunctive relief the court deems appropriate pursuant to Cal. Bus. & Prof. Code § 17203, and,

j) An Order that Defendant immediately return Plaintiffs' money to them, and,

k) Award to Plaintiff of such other and further relief as may be just and proper.

## TRIAL BY JURY IS DEMANDED

78. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

                              **ERIKA HEATH, ATTORNEY AT LAW**

DATED: July 19, 2022      BY: /s/ ERIKA HEATH
                                       ERIKA HEATH, ESQ.
                                         ATTORNEYS FOR PLAINTIFFS,
                                         OLETA MOORE, LARELLA MOORE, AND
                                         KIMBERLEY MOORE

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

# ELECTRONICALLY STORED INFORMATION REQUEST

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.