UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLETA MOORE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>　　　　Defendant. | Case No. 22-cv-01849-JSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

Oleta Moore, Larella Moore, and Kimberley Moore bring state and federal claims against JPMorgan Chase Bank, N.A. (Dkt. No. 17.) Before the Court is Defendant's motion to dismiss Plaintiffs' claims under the Electronic Fund Transfer Act ("EFTA") and California's Unfair Competition Law ("UCL"). (Dkt. No. 19.) Having carefully considered the parties' briefing, and with the benefit of oral argument on November 10, 2022, the Court GRANTS IN PART and DENIES IN PART the motion.

**FIRST AMENDED COMPLAINT ALLEGATIONS**

Plaintiffs hold one joint savings account and one joint checking account with Defendant. Two of the plaintiffs, Oletta Moore and Larella Moore, are senior citizens, that is, older than 65 years of age. On April 2, 2021, Plaintiffs realized they were blocked from electronically accessing their accounts with Defendant. They called Defendant that same day and learned for the first time of the following transactions involving their accounts.

- March 24, 2021: $4,250.35 transferred from Plaintiffs' checking account to Ying Liang in Belmont, Massachusetts.
- March 25, 2021: $3,707 transferred from Plaintiffs' checking account to Shenzhen Dingzhi in New York, New York.
- March 25, 2021: $4,960 and $9,700 transferred from Plaintiffs' savings account to

Plaintiffs' checking account.

Plaintiffs immediately notified Defendant that the transfers were unauthorized.

On May 25, 2021, Defendant sent a letter to Plaintiffs and acknowledged the dispute only as to the transfers to Ying Liang and Shenzhen Dingzhi; it did not acknowledge the unauthorized transfer from the savings account to the checking account. Defendant did not correct these errors and this lawsuit followed.

## DISCUSSION

Plaintiffs make three claims: violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 (Count I); violation of the Uniform Commercial Code, Cal. Comm. Code § 1693 (Count II); and violation of the California UCL, Cal. Bus. & Prof. Code § 17200, (Count III). Defendant moves to dismiss the EFTA and UCL claims for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

### A.   The EFTA Claim

Plaintiffs' EFTA claim challenges the unauthorized March 25, 2021 transfer from their savings to their checking account. (Dkt. No. 17 at ¶ 43.) Under the EFTA, an unauthorized electronic fund transfer is actionable only if the consumer "receives no benefit" from the transaction. 15 U.S.C. § 1693a(12). Defendant argues that Plaintiffs received a benefit from the savings to the checking account transfer and therefore their EFTA claim fails. The Court disagrees.

Drawing all reasonable inferences in Plaintiffs' favor from the complaint's allegations, Plaintiffs did not receive a benefit from the transfer. *See Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016) (on a 12(b)(6) motion the court "accept[s] the complaint's well-pleaded factual allegations as true, and construe[s] all inferences in the plaintiff's favor"). They allege that without the unauthorized (and unknown) transfer of money from their savings to their checking account there would not have been sufficient monies in the checking account to fund the unauthorized (and unknown) wire transfers. (Dkt. No. 17 at ¶ 45.) Such a consequence is a detriment, not a benefit. *See Park v. Webloyalty.com, Inc.*, 685 F. App'x 589, 592 (9th Cir. 2017) (finding no benefit when the plaintiffs were unaware they were automatically

2

enrolled in a gym program).

*Becker v. Genesis Financial Services*, No. CV-06-5037-EFS, 2007 WL 4190473, at *34 (E.D. Wash. Nov. 21, 2007), does not persuade the Court otherwise. There the plaintiff, who was not represented by an attorney, did not allege that the transfer among credit cards allowed for a third party to steal the plaintiff's money. Here, in contrast, the Court cannot conclude as a matter of law that Plaintiffs received a benefit in light of their allegation that the transfer from their savings to their checking made money available in the checking account for the wrongdoers to steal.

Defendants insist that because the EFTA does not apply to wire transfers, *see* 12 C.F.R. § 205.3(c)(3), the Court cannot consider the unauthorized wire transfers from the checking account in determining whether Plaintiffs have sufficiently alleged that they did not receive a benefit from the savings to the checking account transfer. The Court is again unpersuaded. Plaintiffs are not bringing suit under the EFTA for the wire transfer; instead, the claim is limited to the savings to checking transfer. The unauthorized wire transfer is evidence that supports a plausible inference that Plaintiffs did not benefit from the savings to checking transfer. Defendant does not cite any case that suggests that wire transfers cannot be considered as evidence in determining whether a consumer received a benefit from an unauthorized electronic transfer. At this stage in the proceedings, Plaintiffs have stated a claim under the EFTA.

Accordingly, Defendant's motion to dismiss Plaintiffs' EFTA claim is DENIED.

**B.    The UCL Claim**

The UCL prohibits "unfair competition," defined as "any unlawful, unfair or fraudulent business act or practice, and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "Unlawful," "unfair," and "fraudulent" each capture "a separate and distinct theory of liability." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (citing *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 85 (1999)). Plaintiffs' UCL claim is based on the UCL unlawful and unfair prongs.

Under the UCL, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution"; they "may not receive damages." *Cel–Tech Comm'ns, Inc. v. L.A. Cellular Tel. Co.*,

3

973 P.2d 527, 539-40 (Cal. 1999) (cleaned up).  Under binding Ninth Circuit precedent, they "must establish that [they] lack[] an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).  "Thus, at the pleading stage, a plaintiff seeking injunctive or other equitable relief under the UCL in federal court must adequately allege that she lacks an adequate legal remedy." *Saloojas, Inc. v. Aetna Health of California, Inc.*, No. 22-CV-02887-JSC, 2022 WL 4775877, at *6 (N.D. Cal. Sept. 30, 2022).  Plaintiffs do not and cannot allege that their legal claims—Counts I and II—provide them with an inadequate remedy at law.  Therefore, Plaintiffs have not stated a claim under the UCL.

Accordingly, Defendant's motion to dismiss Plaintiffs' UCL claim is GRANTED without prejudice.

**CONCLUSION**

For the reasons explained above, Defendant's motion to dismiss the EFTA claim is DENIED and the motion to dismiss the UCL claim is GRANTED without prejudice.

This Order disposes of Docket No. 19.

**IT IS SO ORDERED.**

Dated:   November 10, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

4