UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLETA MOORE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No. 22-cv-01849-JSC<br><br>**ORDER RE: PLAINTIFFS' 30(B)(1) DEPOSITIONS**<br><br>Re: Dkt. No. 53 |

Before the Court is the parties' joint discovery letter regarding Plaintiffs' depositions of two Chase "fraud queue" employees. (Dkt. No. 53.)

Plaintiffs noticed the depositions under Federal Rule of Civil Procedure 30(b)(1), which allows a party to request the deposition of another party by notice. Fed. R. Civ. P. 30(b)(1). "However, a corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice," *In re PFA Ins. Mktg. Litig.*, No. 4:18-CV-03771-YGR, 2021 WL 5991681, at *1 (N.D. Cal. Nov. 4, 2021), and "the party seeking discovery must subpoena that deponent just as with any nonparty," *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 513 (D.S.D. 2015). To identify a managing agent, courts consider:

> (1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; [and] (4) the general responsibilities of the individual *respecting the matters involved in the litigation*.

*Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 517 (D. Idaho 2013) (cleaned up). "While the burden of proof rests on the party seeking discovery, this burden is a modest one, and doubts

1   about an individual's status as 'managing agent,' at the pretrial discovery stage, are resolved in
2   favor of the examining party." *Id.*

3       Factors (1) and (3) weigh against a managing agent finding, as the fraud queue employees
4   do not generally exercise judgment and are subject to higher authority.  However, factors (2) and
5   (4) weigh in favor.  It is not clear from the joint letter, but it appears Chase still employs both
6   fraud queue employees and thus could effectively produce them for deposition.  And the
7   employees' general responsibilities are highly relevant to the fraud investigation at the heart of this
8   case.  *See Lardizabal v. Arvest Cent. Mortg. Co.*, No. 22CV345-MMA(BLM), 2023 WL 2229261,
9   at *5 (S.D. Cal. Feb. 24, 2023) ("Mr. Bisbee and Ms. Johnson may not be considered managing
10  agents for the corporation generally[,] but . . . they are managing agents for the purpose of giving
11  deposition testimony related to their investigations of Plaintiff's dispute."); *Sherman v. Sheffield
12  Fin., LLC*, 338 F.R.D. 247, 253 (D. Minn. 2021) ("[A]lthough information regarding Defendant's
13  policies may be obtained through a 30(b)(6) deposition or other discovery, only the ACDV Agents
14  themselves can attest to their own training, actions, and experiences in reference to those policies,
15  and whether they actually adhered to those policies while investigating Plaintiff's disputes.").
16  That the two fraud queue employees were not the only ones who investigated Plaintiffs' claim is
17  not probative here; in fact, deposing two serves the parties' shared interests in efficiency and
18  proportionality.

19      Altogether, taking a "pragmatic[]" approach, *Calderon*, 290 F.R.D. at 518, the Court
20  concludes the fraud queue employees are managing agents for purposes of a Rule 30(b)(1)
21  deposition.  Plaintiffs are entitled to test Chase's assertion that the fraud queue employees do not
22  remember their work on Plaintiffs' fraud claim two years ago and that they strictly followed
23  Chase's policies.  *See id.* at 519 ("Plaintiff is entitled to question the dispute agents themselves
24  about whether or not they have a memory of handling his disputes, and should not be forced to
25  accept [Defendant's] representations about what their employees will say").

26      Given the low dollar amount at issue in this lawsuit, and in light of Plaintiffs' offer,
27  Plaintiffs are limited to seven hours total for all depositions they take in this case.

28      This Order disposes of Docket No. 53.

**IT IS SO ORDERED.**

Dated: April 4, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge